IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**DALE WILLIAM BURKE,**               )
                                      )
      Petitioner,             )
                                      )
v.                                    )    Civil No. **10-398-CJP**[1]
                                      )
**JAMES CROSS,**[2]                   )
**Warden, FCI-Greenville**,           )
                                      )
      Respondent.             )

### MEMORANDUM and ORDER

**PROUD, Magistrate Judge:**

    Petitioner Dale William Burke is a federal prisoner incarcerated at FCI-Greenville. He filed a petition for writ of habeas corpus pursuant 28 U.S.C. §2241, seeking or order requiring the BOP to reconsider him for placement in a Residential Re-entry Center (RRC) for up to the last the last twelve months of his sentence.

    In 1997, Burke plead guilty to conspiracy to distribute methamphetamine and marihuana and conspiracy to distribute LSD. U.S. District Judge J. Phil Gilbert sentenced him to 188 months on each count, to run concurrently. See, *United States v. Burke*, Case No. 96-40094-JPG-3. In addition, Burke was convicted in the District of Minnesota of escape from custody and sentenced to 12 months, to run concurrently to his other sentences. See, Doc. 8, Ex. 1, p. 4. Thus, he is serving an aggregate sentence of 200 months. As of December, 2010, his projected date of release via good conduct credits was October 25, 2011. See, Doc. 8, Ex. 1, p. 3.

---

    [1]This case was referred to the undersigned for final disposition upon consent of the parties, pursuant to 28 U.S.C. §636(c). See, Doc. 14.

    [2]James Cross is the current warden of FCI-Greenville, and he is substituted as respondent herein. See, 28 U.S.C. §2242.

1

18 U.S.C. §3624(c)(1) provides:

The Director of the Bureau of Prisons shall, to the extent practicable, ensure that a prisoner serving a term of imprisonment spends a portion of the final months of that term (not to exceed 12 months), under conditions that will afford that prisoner a reasonable opportunity to adjust to and prepare for the reentry of that prisoner into the community. Such conditions may include a community correctional facility.

Prior to 1998, the statute referred to six months. However, the "Second Chance Act" amended the statute to increase the possible time for placement in a community corrections facility (now referred to as a Residential Re-entry Center) from six months to twelve months.

18 U.S.C. §3624(c)(4) provides that this subsection does not limit or restrict the Director's authority to designate a prisoner's place of imprisonment under 18 U.S.C. §3621. Section 3624(c)(6) directs that the BOP shall review prisoners for RRC placement "in a manner consistent with section 3621(b) of this title." In turn, Section 3621(b) provides that the BOP may designate an inmate to any institution which it deems appropriate and suitable, considering the following factors: (1) the resources of the facility; (2) nature and circumstances of the offense; (3) history and characteristics of the prisoner; (4) any statement by the sentencing court; and (5) any pertinent policy statement issued by the U.S. Sentencing Commission.

Respondent filed a response at **Doc. 8**, raising failure to exhaust administrative remedies. Burke admits in his petition that he did not exhaust administrative remedies and argues that exhaustion would have been futile.

The exhibits attached to the response include a page from petitioner's Inmate Activity Record. This page indicates that Burke was "considered for 12 months RRC placement using the five-factor criteria from 18 U.S.C. 3621(b), the Second Chance Act. It has been determined that six month placement will be recommended based upon the nature of his offense and the history and characteristics of the inmate." Doc. 8, Ex. 1, p. 2. This entry is dated August 10, 2009.

In his reply, **Doc. 12**, petitioner asserts that he did not learn of his six month RRC designation until May, 2010, and that there was "no time" for him to exhaust administrative remedies before the twelve month mark, which was in October, 2010.

## Analysis

Although exhaustion is not statutorily required, the Seventh Circuit has squarely held that a federal prisoner must exhaust administrative remedies before filing a petition for writ of habeas corpus. ***Richmond v. Scibana*, 387 F.3d 602, 604 (7th Cir. 2004); *Clemente v. Allen*, 120 F.3d 703, 705 (7th Cir. 1997).**

The Bureau of Prisons maintains an Administrative Remedy Program, which is the "process through which inmates may seek formal review of an issue which relates to any aspect of their confinement." 28 C.F.R. § 542.10. Under this program, the inmate is encourage to first attempt an informal resolution using a BP-8 form. 28 C.F.R. §542.13. If that fails, the prisoner files his initial grievance on a BP-9 form. 28 C.F.R. § 542.14. If dissatisfied with the disposition of the grievance, the inmate may appeal to the Regional Director using a BP-10 form. 28 C.F.R. § 542.15. If still dissatisfied, further appeal to the General Counsel is perfected using a BP-11 form. 28 C.F.R. § 542.15. Appeal to the General Counsel is the final level of administrative appeal. *Id.* Thus, exhaustion of administrative remedies requires the filing of a BP-11.

Petitioner does not contend that he has exhausted his administrative remedies. Rather, he argues that exhaustion would have been futile and/or he had no time to exhaust. Burke points out that the exhaustion requirement in a Section 2241 case is not mandated by statute, and is not jurisdictional. However, these circumstances do not mean that exhaustion of administrative remedies is not necessary.

The Seventh Circuit has recognized that, where exhaustion is not statutorily mandated,

3

there can be exceptions to the requirement, but "sound judicial discretion governs." ***Gonzalez v. O'Connell*, 355 F.3d 1010, 1016 (7th Cir. 2004)**. The Seventh Circuit noted in ***Gonzalez*** that the Supreme Court has identified two purposes for the exhaustion requirement, that is, protection of the agency's authority, and promotion of judicial economy. ***Id.*, at 1017.** The determination of whether RRC placement is appropriate for a prisoner, and the optimal length of that placement, are questions that are peculiarly within the expertise of the Bureau of Prisons. It may well be that the BOP would have agreed with petitioner's position had he raised the issue by attempting informal resolution or by filing a BP-9. However, the record is clear that Burke did not even attempt to use the administrative remedy procedures. See, Doc. 1, pp. 9-18.

Burke argues that he would not have had time to exhaust administrative remedies because the entire process takes up to 140 days without extensions for the time to respond, and that, with extensions, the process takes up to 220 days. Doc. 1, p. 16. However, had Burke begun the administrative process in May, 2010, when he says he learned of his six month designation, there would have been time for the administrative remedy system to address his complaint. Burke's position is based on the assumption that his request for administrative remedy would have been denied and that his appeals would have been denied at all levels. However, the Court cannot indulge that assumption. It is just as likely that, had Burke attempted administrative resolution, the BOP would have reconsidered his RRC designation without requiring him to exhaust the entire administrative process.

It is worth noting that reconsideration of his RRC designation by the BOP is all the remedy that Burke could hope to achieve in any event. 18 U.S.C. §3624(c) clearly does not create a right to RRC placement of any length; the statute says only that such placement "may" be included in the conditions of a prisoner's last twelve months of confinement. Decisions regarding an inmate's placement are within the authority of the BOP pursuant to 18 U.S.C.

4

§3621(b). Burke has already been deemed suitable for RRC placement for the last six months of his sentence. If he had requested reconsideration through the administrative review procedures, there is every likelihood that reconsideration would have been granted. This is not to suggest that he would have been approved for a longer RRC placement, but he has no right to demand longer RRC placement.

The "hurdle is high" for a federal prisoner who seeks an exception to the rule requiring exhaustion of administrative remedies before filing a petition under 28 U.S.C. §2241. ***Richmond***, 387 F.3d at 604. Petitioner has not gotten over that hurdle here. There is no basis on which to excuse petitioner's failure to exhaust administrative remedies. He chose to file his petition for writ of habeas corpus instead of pursuing administrative remedies in May, 2010. That choice prevents this Court from granting the petition.

### Conclusion

Dale William Burke's petition for writ of habeas corpus under 28 U.S.C. §2241 is ordered dismissed without prejudice for failure to exhaust administrative remedies.

The Clerk of Court is directed to enter judgment in favor of respondent and dismissing this case without prejudice.

**IT IS SO ORDERED.**

**DATE: February 24, 2011.**

                                      **s/ Clifford J. Proud**
                                      **CLIFFORD J. PROUD**
                                      **UNITED STATES MAGISTRATE JUDGE**